In the Matter of ABRAHAM B. ALBERT, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 8, 1946.

*Einar Chrystie* for petitioner.

*Abraham B. Albert,* respondent in person.

*Per Curiam.* The respondent was heretofore found guilty of professional misconduct and suspended from the practice of law for a period of six months (252 App. Div. 545).

The Association of the Bar of the City of New York has presented to this court a petition containing two charges of misconduct.

The first charge now before the court is that the respondent knowingly prepared and filed with the court false affidavits verified by him, made by individuals known as Jack Hirsch and Harry Retaleato. As a result of the false statements and representations set forth therein the respondent succeeded in obtaining default judgments in behalf of his clients, the Accurate Mirror Works, Inc., and Bostock Rhoades & Co., Inc., against a corporation known as Hirsch Decorative Mirrors, Inc.

The second charge is that the respondent submitted to the court an affidavit signed by the said Jack Hirsch and purporting to have been verified and sworn to by him on July 14, 1942,

before the respondent as notary public; that when Hirsch was thereafter brought to trial in the Court of Special Sessions on a charge of perjury because of the alleged falsity of the statements made in the aforesaid affidavit, the respondent herein was called as a witness and he testified that he had not administered an oath to Hirsch at the time the affidavit was signed, although the respondent did subscribe his name to the jurat therein to the effect that the affidavit had been sworn to before him. By reason of the respondent's testimony the criminal charge against Hirsch was dismissed.

An official referee has reported that the proof submitted by the petitioner has established the guilt of the respondent under the second charge, " with the additional fact that the respondent gave false testimony before me with respect thereto."

An examination of the entire record leads to the conclusion that the proof submitted by the petitioner fully established the guilt of the respondent on both charges.

Respondent has not profited by the leniency shown to him by this court on a prior occasion when he was found guilty of having converted the funds of a client. (252 App. Div. 545, *supra.*) His misconduct which brought about the institution of the two charges now before the court has been aggravated by his wrongdoing in giving false testimony on several occasions. The respondent has demonstrated that he is unfit to remain a member of the legal profession.

The respondent should be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and PECK, JJ., concur.

Respondent disbarred.